UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOSE MANUEL CABADAS,

    Plaintiff,

v.

CORRECTIONAL OFFICER PICARD;
CORRECTIONAL OFFICER UNNAMED
DEFENDANTS; WARDEN, FDC-SHERIDAN,

    Defendants.

Case No. 3:25-cv-00188-AA

OPINION AND ORDER

AIKEN, District Judge.

    Plaintiff, a self-represented adult in custody (AIC) at the Federal Correctional Institution in Terminal Island, California, brings this civil rights action and applies for leave to proceed in forma pauperis (IFP). Review of Plaintiff's application reflects that he is unable to prepay the fees for this action and his IFP application is granted. However, Plaintiff fails to state a cognizable claim for relief and amendment would be futile. Accordingly, this action is DISMISSED.

1 –   OPINION AND ORDER

DISCUSSION

This Court must dismiss an action initiated by an AIC seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a self-represented litigant's complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pleadings filed by self-represented litigants liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, a self-represented litigant "is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff asserts a civil rights claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and alleges that Defendants at the Federal Correctional Institution in Sheridan, Oregon used excessive force against him in violation of his rights under the Eighth Amendment.

As an initial matter, Plaintiff's claims are likely untimely. A two-year statute of limitations applies to *Bivens* claims, meaning that Plaintiff was required to file suit within two years of the alleged incident. *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) (holding that a two-year statute of limitations applies to *Bivens* claims brought in Oregon). Plaintiff alleges that Defendants assaulted him sometime in 2022, and he did not sign his Complaint until

December 25, 2024. Unless the alleged assault occurred after December 25, 2022, the statute of limitation expired before Plaintiff filed suit and his claims are untimely.

Regardless, Plaintiff cannot assert a *Bivens* claim arising from the alleged use of force. In *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's [Fourth Amendment] right" to be free from unreasonable searches and seizures. *Hernandez v. Mesa*, 582 U.S. 548, 553 (2017) (per curiam) (citation omitted); *see also Bivens*, 403 U.S. at 389-90. The Supreme Court has recognized a *Bivens* remedy in only two other contexts: a Fifth Amendment Due Process claim brought by a congressional staff member alleging sex discrimination, and an Eighth Amendment claim brought by a federal AIC alleging the failure to treat serious medical needs. *See Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has repeatedly refused to extend *Bivens* beyond these three contexts and has made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017); *see also Egbert v. Boule*, 596 U.S. 482 (2022).

If a *Bivens* remedy is sought, the district court must "ask whether the case presents 'a new *Bivens* context' – i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Egbert*, 594 U.S. at 492 (quoting *Ziglar*, 582 U.S. at 139). If so, "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 582 U.S. at 136). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (quoting *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020)).

3 –   OPINION AND ORDER

The Ninth Circuit recently held that a *Bivens* remedy is not available for claims alleging excessive force and failure to protect on the part of Bureau of Prison (BOP) officials. *See Chambers v. C. Herrera*, 78 F.4th 1100 (9th Cir. 2023). The Ninth Circuit explained that "[n]o case has extended *Bivens* to claims that BOP employees violated the Eighth Amendment by failing to protect an inmate from other staff members" and similarly found that a claim of excessive force "represents a new *Bivens* context." *Id.* at 1106-07. The Ninth Circuit concluded that "Congress is better suited than the Judiciary to construct a damages remedy," in part because the Prison Litigation Reform Act authorizes BOP "to structure grievance procedures" and provides a "remedial structure" that was available to the plaintiff. *Id.* at 1106-08.

Like the claims raised in *Chambers*, Plaintiff's *Bivens* claim of excessive force arises in a context different from those recognized by the Supreme Court, and Plaintiff presumably had BOP administrative remedies available to him. Thus, Plaintiff cannot assert a *Bivens* claims premised on the use of excessive force.

## CONCLUSION

Plaintiff's Application for Leave to Proceed IFP (ECF No. 4) is GRANTED. However, Plaintiff fails to state cognizable a claim for excessive force under *Bivens*, and this action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this __28th__ day of February, 2025.

                                                /s/Ann Aiken
                                              ANN AIKEN
                                    United States District Judge